UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MICHAEL D. MIDGETT,
    Plaintiff,

vs.                                         Case No.: 3:22cv10378/TKW/ZCB

FLORIDA,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a non-prisoner proceeding *pro se* and *in forma pauperis*, has filed two motions for emergency injunctions—one titled "Motion for Emergency Injunction" (Doc. 10) and the other "Emergency Injunctive Relief" (Doc. 11). For the reasons below, the undersigned recommends that Plaintiff's motions be denied.

### I.    Background

Plaintiff's complaint—which names Florida as the sole Defendant—alleges that the state "medically kidnapped" and hypnotized him several times since 2019. (Doc. 1 at 4-5). Plaintiff also claims he was held against his will without due process, beaten, tortured, and framed for crimes he did not commit. (*Id.*). Plaintiff brings claims under a variety of federal criminal and civil statutes, several amendments to the Constitution, and the Geneva Convention. (*Id.* at 6). His complaint seeks injunctive and monetary relief. (*Id.*).

1

In his "Motion for Emergency Injunction" (Doc. 10), Plaintiff seeks injunctive relief on behalf of himself and several members of his family. He requests an injunction prohibiting "any Local, State, or Federal Government representative (including contractors), also to include any business; otherwise, anyone within the jurisdictional boundaries of the United States" from using "hypnosis of any kind" on him and his family. (*Id.* at 1). He also requests an order "for child protective services to cease and desist" all contact with his brother's family and for an order requiring John Midgett's "immediate release from Fort Walton Beach Medical Center." (*Id.* at 2).

Plaintiff's "Emergency Injunctive Relief" alleges that Defendant has "restricted and/or manipulated [Plaintiff's] free movement/travel, speech, and communication." (Doc. 11 at 1). He broadly requests "an order prohibiting the defendant from restricting or manipulating any such freedom granted to [him] by the United States Constitution without due process." (Doc. 11 at 1). He asserts that "[f]ailure to provide [him] with such safeties and securities . . . may result in sever[e] and catastrophic harm not only to [himself] but the United States of America." (*Id.* at 1).

## II.   Discussion

To receive a preliminary injunction, a movant must show that: (1) there is a substantial likelihood of success on the merits; (2) an irreparable injury will be suffered if the injunction is not granted; (3) the threatened injury to the movant outweighs any injury the proposed injunction might cause the opposing party; and (4) the injunction would not disserve the public interest. *In re Gateway Radiology Consultants, P.A.*, 983 F.3d 1239, 1254 (11th Cir. 2020). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989). Plaintiff has not met that burden here.

The Court issued a separate order on today's date setting forth the facts underlying Plaintiff's claims and discussing the reasons why his factual allegations fail to state a plausible claim for relief.[1] At the conclusion of that order, the Court directed Plaintiff to either file an amended complaint which cures the pleading deficiencies or notify the Court if he no longer wished to pursue his claims. Because Plaintiff's operative pleading fails to state a claim against Defendant, he has correspondingly failed to demonstrate, at this stage of the case, a substantial

---

[1] The Court has a statutory duty to screen Plaintiff's complaint because he is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B).

3

likelihood of success on the merits. Because Plaintiff has failed to satisfy his burden of persuasion under the Eleventh Circuit's four-pronged standard, his motions for preliminary relief should be denied.

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's "Motion for Emergency Injunction" (Doc. 10) and "Emergency Injunctive Relief" (Doc. 11) be **DENIED.**

At Pensacola, Florida this 18th day of November 2022.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### NOTICE TO THE PARTIES

**The case was referred to the magistrate judge for issuance of all preliminary orders and any recommendations regarding dispositive matters and motions for injunctive relief.** *See* **N.D. Fla. Loc. R. 72.2(C);** *see also* **28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**